IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| KIHEEM GRANT | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:06cv647 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kiheem Grant, an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Factual Background

On November 29, 2004, in the 252nd Judicial District Court for Jefferson County, Texas, following a plea of guilty, petitioner was convicted of Retaliation. Petitioner was sentenced to a term of twenty (20) years imprisonment in the Texas Department of Criminal Justice. Petitioner appealed his conviction and sentence to the Sixth District Court of Appeals. The judgment of the trial court was affirmed on August 5, 2005.

On March 28, 2006, petitioner filed a state application for writ of habeas corpus. The application was denied without written order by the Texas Court of Criminal Appeals on June 7, 2006.

### The Petition

Petitioner brings this petition for writ of habeas corpus alleging that appellate counsel provided ineffective assistance. Petitioner claims appellate counsel's assistance was ineffective for the following reasons: counsel presented a frivolous or moot point of error on appeal; counsel failed to present an issue regarding an assistant district attorney who represented the state; counsel did not adequately brief an issue regarding a motion to withdraw plea; and counsel lied to or attempted to mislead or manipulate the courts concerning his knowledge of petitioner's *pro se* motion for new trial.

## Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 prohibits a petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions. 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

If a state court adjudicated a state prisoner's claim for a writ of habeas corpus on the merits, federal courts view the petitioner's claim through the "lens" of the scheme laid out in 28 U.S.C. § 2254(d). *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), cert. denied, 121 S.Ct. 902 (Feb. 7, 2001). Under this scheme, with respect to questions of fact, Federal courts are not to grant a writ of habeas corpus unless the state court's adjudication on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). And in any federal habeas proceeding involving a state prisoner, leaving aside the distinction between procedural and merits-based denials, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Likewise, if a state court has resolved on the merits an issue of law or a mixed issue of law and fact, the district court is not to grant a writ unless the resulting decision was "contrary to, or

involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" established federal law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if the state court decides a case differently than the Supreme Court did on "materially indistinguishable" facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court "unreasonably applies" clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-408. *See also Neal v. Puckett*, 286 F.3d 230 (5th Cir. 2002).

The Supreme Court held that when determining unreasonableness of the application of federal law the standard is objective: "Stated simply, a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 120 S.Ct. at 1521-22. Second, the Court emphasized that the "most important point" of the *Williams* decision is the critical distinction between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Id.* at 1522-23. "Because section 2254(d) places a new constraint on a federal habeas court and demands greater deference to state courts, [a federal court has] no authority to grant habeas corpus relief simply because [it] concludes, in [its] independent judgment, that a state supreme court's application of [relevant law] is erroneous or incorrect." *Neal*, 286 F.3d at 236.

Analysis

*Effect of Guilty Plea*

In this case, petitioner pleaded guilty to the crime charged. A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. "This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea[.]" *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (internal and concluding citations omitted), *cert. denied*, 466 U.S. 906 (1984).

3

In the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985). The court must determine that the plea represents "a voluntary choice among the alternative courses of actions open to the defendant." *Id.* 474 U.S. at 56, 106 S.Ct. at 369. Additionally, the Supreme Court has determined that "the representations of the defendant...[at a plea proceeding] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629 (1977). "If a defendant understands the charges against him, understands the consequences of his guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea... will be upheld on federal review." *Stano v. Dugger,* 921 F.2d 1125, 1141 (11th Cir.)(en banc), *cert. denied,* 502 U.S. 835, 112 S.Ct. 116 (1991).

Here, petitioner does not attack the validity of his plea. Instead, petitioner's only four grounds asserted attack the performance of appellate counsel. Petitioner claims appellate counsel was ineffective for the following reasons: counsel presented a frivolous or moot point of error on appeal; counsel failed to present an issue regarding an assistant district attorney who represented the state; counsel did not adequately brief an issue regarding a motion to withdraw plea; and counsel lied to or attempted to mislead or manipulate the courts concerning his knowledge of petitioner's *pro se* motion for new trial. As petitioner's claims pertain to matters occurring after the plea, the claims will be addressed below.

On habeas review, the state court found that petitioner did not state sworn facts which, if true, would justify granting the relief sought by petitioner. Additionally, the court found "that the facts asserted in the affidavit [from appellate counsel, David Barlow], together with the contents of the official court records, demonstrate the totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance. Representation did not fall below the *Strickland* standard." *Ex parte Grant*, Application No. 63,101-02, at *3.

When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687. In order to demonstrate the second prong of the above-stated test, a petitioner must demonstrate that counsel's deficient performance so prejudiced the defense that petitioner was denied a fair and reliable trial. *Lockhart v. Fretwell,* 506 U.S. 364 (1993). A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon petitioner, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Martin v. Maggio,* 711 F.2d 1273 (5th Cir. 1983). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir.2002)(quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir.1983)).

Persons convicted of a crime are entitled to effective assistance of counsel in their first appeal of right. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Green v. Johnson,* 160 F.3d 1029, 1043 (5th Cir. 1999). The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001). On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available. *Green v. Johnson,* 160 F.3d at 1043. Rather, it means that counsel must have performed in a reasonably effective manner. *Id.* To demonstrate prejudice, the petitioner must "show a reasonable probability that, but for his counsel's unreasonable failure ..., he would have prevailed on his appeal." *Briseno v. Cockrell,* 274 F.3d 204, 207 (5th Cir. 2001) (citations omitted).

As previously stated, the state court found that petitioner did not state sworn facts which, if true, would justify granting the relief sought by petitioner. Additionally, the court found "that the facts asserted in the affidavit [from appellate counsel, David Barlow], together with the contents of the official court records, demonstrate the totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance. Representation did not fall below the *Strickland* standard." *Ex parte Grant*, Application No. 63,101-02, at *3.

Under the AEDPA, a determination of a factual issue made by a State court shall be presumed to be correct, and the petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. In *Murphy v. Johnson*, the Fifth Circuit expressed that "[a] full and fair hearing does not necessarily require live testimony." *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000). The burden to rebut the presumption of correctness remains on Petitioner even if the state "hearing was a 'paper' hearing and may not have been full and fair." *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004) (citing *Valdez v. Cockrell*, 274 F.3d 941, 950-51 (5th Cir. 2001). The presumption of correctness also applies to mixed questions of law and fact. *Valdez*, 274 F.3d at 948 n. 11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of

mixed law and fact."). Findings of fact may be implied from conclusions of law. *See Goodwin v. Johnson*, 132 F.3d 162, 183-84 (5th Cir. 1997).

Appellate counsel has no duty to bring frivolous claims on appeal; and the opposite is also true. *See United States v. Burleson,* 22 F.3d 93, 95 (5th Cir. 1994). There is no constitutional right for appellate counsel to pursue nonfrivolous points as requested by his client if counsel makes a professional judgment not to present those points. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Petitioner has failed to show counsel's performance was deficient for failing to bring frivolous claims on appeal. Further, petitioner has failed to show how he was prejudiced.

If a prosecutor testifies about a material matter and thereby plays a dual role, there may be a due process violation. *Riddle v. Cockrell*, 288 F.3d 713, 720-21 (5th Cir. 2002). However, petitioner could not prevail on his claim that one of the prosecutors was a witness to the offense because the prosecutor did not testify about a material matter, she was merely arguing a point at sentencing. Thus, counsel was not deficient nor has petitioner shown he was prejudiced.

Petitioner also complains that counsel did not adequately brief an issue regarding a motion to withdraw plea. On direct review, the court of appeals held that once the Pre-Sentence Investigation Report was ordered, which was immediately after petitioner pleaded guilty, petitioner had no automatic right to withdraw his guilty plea. *Grant v. State*, No. 06-05-00011-CR (Tex. App. -- Texarkana 2005). As petitioner had no automatic right to withdraw his plea, he has failed to show counsel's performance was deficient or that he was prejudiced.[1]

Petitioner has not shown that his appellate attorney's representation was deficient or that he was prejudiced. Accordingly, his claims are without merit.

For the reasons set forth above, petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as

---

[1] Petitioner's complaint that counsel's affidavit submitted in response his state application for writ of habeas corpus is unexhausted. Further, there is no right to hybrid representation; thus, a trial judge is not required to consider *pro se* motions, including motions for new trial. *Llano v. State*, 16 S.W.3d 197, 198 (Tex. App. -- Houston [1st Dist.] 2000).

determined by the Supreme Court of the United States. Accordingly, petitioner's grounds for review should be denied.

## ORDER

For the reasons set forth above, petitioner's petition for writ of habeas corpus should be denied. It is therefore

**ORDERED** that the above-styled petition is **DENIED**. A final judgment will be entered in this case in accordance with this memorandum.

**SIGNED** this the **16** day of **March, 2010.**

_____
Thad Heartfield
United States District Judge